HENRY KRAH *et al.*, Appellants, v. AUGUST WEIDLICH *et al.*, Respondents.

St. Louis Court of Appeals, December 19, 1893

Mechanics' Liens: WORK ON PROPERTY NOT DESCRIBED IN LIEN ACCOUNT. *Held*, in the course of discussion, that a mechanics' lien cannot be established for work, or against property, broader than the

statements of the lien account and, therefore, that work done on an outhouse cannot be considered in determining the date of the accrual of the lien account, when the lien is filed against the main building only.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*F. and Ed. L. Gottschalk* for appellants.

*T. J. Rowe* and *John W. Benstein* for respondents.

BOND, J.—This is an action to enforce a mechanics' lien brought against the contractor and the owner of the building. The defense was a general denial.

The lien claim sued on was sworn to on January 20, 1892. The description of the property given in the lien is: "To-wit, two-story brick building, and situated in the following described premises, to-wit." The evidence was that appellants rendered the following bill for same work for which this suit was brought:

ST. LOUIS, September 12, 1892.

*Mr. August Weidlich to H. Krah & Son, bricklayers and contractors, Debtor.*

| | |
|---|---|
| For work on house on Clark avenue, south side, between Grand avenue and Thresa avenue, Mr. Hines, as per contract............................................ | $ 659 00 |
| August 15, by cash account ............................ | 319 00 |
| Balance due. ................................. . | $ 340 00 |

There was substantial evidence adduced by respondents to the effect that appellants never did any other work on the building after the presentation of this bill. There was some evidence on the part of appellant that a small outhouse was built between the twentieth and twenty-fifth of October. In actions at

law, appellate courts do not weigh conflicting evidence. In the case at bar, the most appellant can claim under the record is that the evidence was conflicting as to whether or not any work was done on the building specifically described in the lien claim between the twelfth of September, 1892, and the twentieth of January, 1893, a period of over four months.

The trial court sitting as a jury found this controverted fact upon substantial evidence for respondent. We are, therefore, concluded by that finding. Nor do we think the work upon the out-house (*privy*), even if the trial court had found that it was done within four months next before the filing of the lien claim, would have entitled the appellants to a lien on the building described herein. That description is *specific*, and excludes any lien for improvements not embraced within its terms. According to the lien account, appellants were entitled for work done on "a two-story brick building." This is the definite description to which appellants restricted themselves in their lien account. Appellants cannot establish a lien for work, or against property, broader than the statements of their lien claim. Revised Statutes, 1889, section 6709.

The result is that the judgment of the trial court herein is affirmed. All concur.